IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: December 13, 2012 |
| RASHAAD McINTYRE, a/k/a "SINCERE" | : : : : : | VIOLATIONS: 18 U.S.C. §§ 2251 (a), (e) (production of child pornography - 1 count); 18 U.S.C. § 1591 (sex trafficking of children - 3 counts); 18 U.S.C. § 1594(a) (attempt) 18 U.S.C. § 2 (aiding and abetting) Notice of Forfeiture |

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. At all times material to this indictment, defendant, RASHAAD MCINTYRE, a/k/a "Sincere," was the operator of a prostitution venture in Philadelphia, Pennsylvania.

2. As part of this venture, defendant RASHAAD MCINTYRE, a/k/a "Sincere," recruited young females to work as prostitutes in his business. Three of the females whom he recruited and who worked for him, including Minor 1, Minor 2, and Minor 3, whose names are known to the grand jury, were under the age of 18 years at all times relevant to this indictment.

3. As part of this venture, defendant RASHAAD MCINTYRE, a/k/a "Sincere," created Internet advertisements in which he advertised various females as available for purchase for purposes of prostitution. These advertisements featured pictures of the females,

either scantily clad, or topless with their hands covering their breasts, the price, and a phone number to call to arrange a meeting with a female.

4. As part of this venture, defendant RASHAAD MCINTYRE, a/k/a "Sincere," photographed Minor 2 engaging in oral-genital sexual intercourse with another female.

5. On or about April 29, 2012, in the Eastern District of Pennsylvania, defendant

**RASHAAD MCINTYRE,**
**a/k/a "SINCERE,"**

employed, used, persuaded, induced, enticed, and coerced Minor 2, who was under the age of 18, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing that such visual depiction would be transported or transmitted using any means and facility of interstate or foreign commerce and in or affecting interstate or foreign commerce, and the visual depiction was produced and transmitted using materials that were mailed, shipped, or transported in and affecting interstate or foreign commerce, and attempted to do so, that is, defendant RASHAAD MCINTYRE photographed Minor 2, whose name is known to the Grand Jury, engaging in actual or simulated oral-genital sexual intercourse with another female, for the purposes of transmitting the photograph over the Internet, and using equipment that had been transported in interstate commerce.

In violation of Title 18, United States Code, Sections 2251(a) and (e) and 2256(2)(A)(i).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    The allegations of Paragraphs 1 through 4 of Count One are incorporated by reference.

      2.    Between on or about December 1, 2011, through on or about June 10, 2012, in the Eastern District of Pennsylvania, defendant

**RASHAAD MCINTYRE,
a/k/a "SINCERE,"**

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 1, whose identity is known to the Grand Jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 1, and attempted to do so.  At the time that defendant RASHAAD MCINTYRE did this, he knew and acted in reckless disregard of the fact that Minor 1 had not attained the age of 18 years and that Minor 1 would be caused to engage in commercial sex acts.

      In violation of Title 18, United States Code, Sections 1591 and 1594(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      The allegations of Paragraphs 1 through 4 of Count One are incorporated by reference.

      2.      Between on or about February 1, 2012, through on or about June 10, 2012, in the Eastern District of Pennsylvania, defendant

**RASHAAD MCINTYRE,**
**a/k/a "SINCERE,"**

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 2, whose identity is known to the Grand Jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 2, and attempted to do so. At the time that defendant RASHAAD MCINTYRE did this, he knew and acted in reckless disregard of the fact that Minor 2 had not attained the age of 18 years and that Minor 2 would be caused to engage in commercial sex acts.

In violation of Title 18, United States Code, Sections 1591 and 1594(a).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      The allegations of Paragraphs 1 through 4 of Count One are incorporated by reference.

      2.      Between on or about April 8, 2012, through on or about May 8, 2012, in the Eastern District of Pennsylvania, defendant

**RASHAAD MCINTYRE,**
**a/k/a "SINCERE,"**

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 3, whose identity is known to the Grand Jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 3, and attempted to do so. At the time that defendant RASHAAD MCINTYRE did this, he knew and acted in reckless disregard of the fact that Minor 3 had not attained the age of 18 years and that Minor 3 would be caused to engage in commercial sex acts.

      In violation of Title 18, United States Code, Sections 1591 and 1594(a).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    As a result of the violation of Title 18, United States Code, Sections 1591 and 2251, set forth in this Indictment, defendant

**RASHAAD MCINTYRE,**
**a/k/a "SINCERE,"**

shall forfeit to the United States of America:

    (a)    any visual depiction described in Section 2251 and 2256, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received as a result of such violation, including;

    (b)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such violation; and

    (c)    any property, real or personal, used or intended to be used to commit, to facilitate, or to promote the commission of such violation.

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 1594(d) and (e) and 2253.

A TRUE BILL:

_____
**FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**United States Attorney**