IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-675 |
| RASHAAD MCINTYRE | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant sold the bodies of three teenaged girls, ages 16, 15, and 15, respectively over the internet and profited from their sexual exploitation. In the case of one of these minors, he also produced an image of child pornography which he posted on the internet to advertise the girl for sexual services. Additionally, defendant has a criminal history that includes statutory sexual assault of a 14-year-old female, and was on probation for that crime at the time of the instant offenses. The government asks the Court to consider all of the factors set forth below in fashioning an appropriate sentence.

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

1

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006)).  See also United States v. Smalley, 2008 WL 540253, *2 (3d Cir. Feb. 29, 2008) (stating that the Gunter directive is consistent with later Supreme Court decisions).  In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision.  United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc).  The failure to properly calculate the advisory guideline range will rarely be harmless error.  United States v. Langford, 2008 WL 466158, *8-11 (3d Cir. Feb. 22, 2008).

  At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  Cooper, 437 F.3d at 329.  See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.");  United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

  The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

2

I.   **BACKGROUND**

Between December 1, 2011, and June 10, 2012, the defendant recruited three minor females, ages 16, 15 and 15, respectively, to work for him as prostitutes.[1]  Presentence Investigation Report ("PSI") ¶ 10.  Defendant advertised these minors on an Internet website known as Backpage.com, and caused the minors to engage in sexual acts with numerous adult men at hotels in Philadelphia.  Id. ¶ 10.  Defendant collected 100% of the girls' profits from performing commercial sexual acts.  Id. ¶ 13.   In addition to other methods, the defendant used a fake female online identity on Facebook.com to lure females into his prostitution business.  Id.  The defendant also photographed each of the girls working for him so that he could post the photographs on the Backpage advertisements.  Id. ¶ 12.  One of these images was an image of Minor 2 engaging in oral sex with another female, which Backpage ultimately deleted due to its explicit content.  Id. & n.7.

II.   **SENTENCING CALCULATION**

   A.   **Statutory Maximum and Minimum Sentence.**

Count One carries a mandatory minimum term of fifteen years in prison, a maximum term of 30 years, a five-year minimum period supervised release, a lifetime maximum term of supervised release, a $250,000 fine, and a $100 special assessment.  Counts Two through Four each carry a mandatory minimum term of 10 years in prison, a maximum of life in prison, a five-year minimum period supervised release, a lifetime maximum term of supervised release, a $250,000 fine, and a $100 special assessment.   The total possible sentence is a mandatory minimum term of 15 years in prison (45 years if consecutive), a maximum of life in prison, a

---

[1] Two of these girls were runaways from the local foster care system, and the third had been trafficked by another pimp and "sold" to the defendant.

3

five-year minimum period supervised release, a lifetime maximum term of supervised release, a $1,000,000 fine, and a $400 special assessment.

  B. **<u>Sentencing Guidelines Calculation</u>.**

  The parties stipulated in the Plea Agreement to the applicability of the following Sentencing Guidelines: a 3-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(a).

  The Probation Office calculated the Guidelines range starting with a base offense level of 32 for Count One, plus two points because Minor 2 was under the age of 16 under Section 2G2.1(b)(1)(B), plus two points for the commission of sexual acts under 2G2.1(b)(2)(A), plus two points for the distribution of the image on Backpage.com under 2G2.1(b)(3), plus two points for supervisory control under 2G2.1(b)(5), plus two points for soliciting sexually explicit conduct under 2G2.1(b)(6), resulting in an adjusted offense level of 42. The Probation Office began with a level of 30 for Counts Two through Four, plus 2 points for supervisory control under Section 2G1.3(b)(1)(B), 2 points for undue influence under Section 2G1.3(b)(2)(B), 2 points for use of a computer under Section 2G1.3(b)(3), 2 points for the commission of a sexual act under Section 2G1.3(b)(4), resulting in an adjusted offense level of 38 per offense. Four units were added under 3D1.4, resulting in a an adjusted level of 46. Subtracting 3 points for acceptance of responsibility, the Probation Office arrived at a total offense level of 43 and a Guidelines range, in light of a Criminal History Category of III, of life in prison.

III. <u>ANALYSIS</u>

  A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should consider the calculation of the advisory guidelines as set forth in the Presentence Investigation Report, the calculation set forth in the plea agreement,

review all other factors, and impose an appropriate sentence.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). As will be discussed later, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The depravity of this offense cannot be understated. The defendant was directly involved in the sex trafficking of minors, resulting in their bodies being sold as chattel to countless strangers when they were in the ninth grade. His actions clearly resulted in the emotional destruction of the children who were victimized, as evidenced by their own statements. The impact of this crime on the victims is likely irrevocable. According to one victim, "I feel as though there is a layer of dirt which can never be removed from my skin. I feel less of a young

5

lady and often ashamed because of the acts I have performed." PSR ¶ 17. Another victim described her shame, saying, "[I am] [a]lways wondering if any peers know my secret." PSR ¶ 16. The defendant also posted a photograph of Minor 2 engaging in a sexual act, which could be seen by anyone who accessed the internet. Defendant must be adequately punished for these reprehensible crimes.

The Court must also consider the nature of the offender. Defendant's criminal history is significant and similarly repugnant. Defendant pled guilty in Philadelphia County to the statutory sexual assault of a 14-year-old girl whom he lured over the internet, for which he received a sentence of 23 months. PSR ¶¶ 70-72. Clearly, the defendant must be deterred from committing future crimes, particularly sexual offenses against minors.

In addition, with respect to his personal history, defendant reports that his childhood was "good overall" and that he was adequately provided for by his mother. Id. ¶ 80. There was no type of abuse in the home and defendant played organized sports. Id. ¶ 81. Defendant asserts that his older brother exposed him to sex trafficking at an early age. Id. ¶ 83. Defendant has three children but no formal orders of support. Id. ¶ 85. Defendant is being treated for depression as a result of his incarceration and admitted to occasional marijuana use. Id. ¶¶ 93, 96. He is a high school dropout who admitted that he has been "pimping" as a form of employment since 2008. Id. ¶¶ 98-99.

Additionally, the Court should fashion a sentence that will "reflect the seriousness of the offense and promote respect for the law." 18 U.S.C. § 3553(a)(2). The recommended sentence also should afford adequate deterrence to others who would commit a similar offense, and lead to consistency in sentencing. Id. This heinous crime of increasing prevalence must be deterred, and the Court should send a message to the countless others who would engage in this

far-too-simple crime that the sex trafficking of minors will not be tolerated.

Finally, Title 18, United States Code, Section 1593 requires mandatory restitution. Pursuant to 18 U.S.C. §§ 1593(b)(3) and 2259(b)(3)(A), this should include psychological care of the victims. Given the average current cost of psychotherapy of $100 per hour, and contemplating weekly psychotherapy for two years for each victim, this would result in an award of $10,400 per victim.

## IV. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court fashion an appropriate sentence, taking into account the Guidelines calculation by the Probation Office, the calculation set forth in the plea agreement, and other factors.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney

7

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of the Government's Sentencing Memorandum to be served by electronic filing, and/or first-class mail, addressed to:

Stephen J. Britt, Esq.
P.O. Box 1746
Blue Bell, PA 19422

/s/ Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney

Dated: October 21, 2013